**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

<table>
<tr><td>

MILWAUKEE ELECTRIC TOOL
CORPORATION and KETER HOME AND
GARDEN PRODUCTS LTD.,

Plaintiffs,

v.

KLEIN TOOLS, INC.,

Defendant.

</td><td>

Case No. 1:24-cv-04928

**JURY TRIAL DEMANDED**

</td></tr>
</table>

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Milwaukee Electric Tool Corporation ("Milwaukee" or "Milwaukee Tool") and Keter Home and Garden Products Ltd. ("Keter") (collectively, "Plaintiffs") bring this action for infringement of U.S. Patent No. 11,365,026 ("the '026 Patent"); U.S. Patent No. 11,794,952 ("the '952 Patent"); and U.S. Patent No. 11,952,167 ("the '167 Patent") (collectively, "the Asserted Patents") against Defendant Klein Tools, Inc. ("Klein" or "Defendant"). Plaintiffs allege as follows:

<u>**THE PARTIES**</u>

1.     Milwaukee Tool is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin, 53005.

2.     Keter is an Israeli corporation with its principal place of business at 2 Sapir Street, Industrial Zone, Herzliya, Israel 4685206.

3.    On information and belief, Klein Tools is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 450 Bond Street, Lincolnshire, Illinois 60069.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Klein Tools, including because Klein Tools maintains its corporate headquarters and principal place of business in this District, thus availing itself of the laws of Illinois.  Further, this Court also has personal jurisdiction over Klein Tools because Klein Tools conducts substantial business in this District, and the specific acts of infringement complained of herein are being committed in this District.

7.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400, including because Klein Tools has a regular and established place of business in this District and the specific acts of infringement complained of herein are being committed in this District.

## FACTUAL BACKGROUND

8.    Milwaukee Tool is a manufacturer and worldwide marketer of heavy-duty, portable electric power tools, accessories, and innovative hand tool and storage products.  Milwaukee Tool's line of storage products includes its innovative line of PACKOUT™ modular storage systems, providing a durable and versatile storage system for its customers.  Milwaukee Tool's PACKOUT™ storage systems provide customers with the ability to interchange and interlock

various toolboxes, component boxes, tote bags, and other accessories in a configuration that best fits a customer's needs.

9.      Representative examples of PACKOUT™ storage systems that Milwaukee Tool sells are depicted below.  The PACKOUT™ products can be combined to form a container assembly such as the representative figure depicted below generated using Milwaukee Tool's "Stack Builder" option:



**PACKOUT™ Rolling Tool Chest (48-22-8428) (Ex. 5)**



**PACKOUT™ Rolling Tool Box (48-22-8426) (Ex. 4)**



**PACKOUT™ Compact Organizer (48-22-8435) (Ex. 23)**

 

(Exs. 24-25)

**THE ASSERTED PATENTS**

**U.S. Patent No. 11,365,026**

10.     U.S. Patent No. 11,365,026 entitled "Utility Assembly and Coupling Mechanism" with named inventors Yaron Brunner, Grant T. Squiers, Christopher S. Hoppe, and Steven W. Hyma, issued on June 21, 2022.  The '026 Patent issued from U.S. Patent Application No. 17/536,521, which was filed on November 29, 2021.  The '026 Patent is a continuation of Application No. 17/391,904, filed on August 2, 2021, now U.S. Patent No. 11,192,690, which is a continuation of Application No. 17/132,609, filed on December 23, 2020, which is a continuation of Application No. 17/064,371, filed on October 6, 2020, which is a continuation of Application No. 16/752,441, filed on January 24, 2020, now U.S. Patent No. 11,008,136, which is a continuation of Application No. 16/216,724, filed on December 11, 2018, now U.S. Patent No. 10,583,962, which is a continuation of Application No. 15/826,232, filed on November 29, 2017,

4

now U.S. Patent No. 10,703,534, which is a continuation of Application No. PCT/IL2017/050481, filed on April 30, 2017. The '026 Patent also claims priority to Provisional Application No. 62/459,076, filed on February 15, 2017, and Provisional Application No. 62/330,334, filed on May 2, 2016.

11.     The '026 Patent has eleven (11) claims. A true and correct copy of the '026 Patent is attached as Exhibit 1.

12.     Milwaukee Tool and Keter jointly own by assignment the entire right, title, and interest in the '026 Patent.

13.     The '026 Patent is generally directed to a container assembly that allows two or more containers to be detachably connected to each other.

**U.S. Patent No. 11,794,952**

14.     U.S. Patent No. 11,794,952 entitled "Utility Assembly and Coupling Mechanism" with named inventors Yaron Brunner, Grant T. Squiers, Christopher S. Hoppe, and Steven W. Hyma, issued on October 24, 2023. The '952 Patent issued from U.S. Patent Application No. 18/051,749, which was filed on November 1, 2022. The '952 Patent is a continuation of Application No. 17/884,230, filed on August 9, 2022, which is a continuation of Application No. 17/064,371 filed on October 6, 2020, now U.S. Patent No. 11,427,382, which is a continuation of Application No. 16/752,441, filed on January 24, 2020, now U.S. Patent No. 11,008,136, which is a continuation of Application No. 16/216,724, filed on December 11, 2018, now U.S. Patent No. 10,583,962, which is a continuation of Application No. 15/826,232, filed on November 29, 2017, now U.S. Patent No. 10,703,534, which is a continuation of Application No. PCT/IL2017/050481, filed on April 30, 2017. The '952 Patent also claims priority to Provisional Application No.

5

62/459,076, filed on February 15, 2017, and Provisional Application No. 62/330,334, filed on May 2, 2016.

15.     The '952 Patent has twenty-three (23) claims.  A true and correct copy of the '952 Patent is attached as Exhibit 2.

16.     Milwaukee Tool and Keter jointly own by assignment the entire right, title, and interest in the '952 Patent.

17.     The '952 Patent is generally directed to a container assembly that allows for two or more containers to be detachably connected to each other.

**U.S. Patent No. 11,952,167**

18.     U.S. Patent No. 11,952,167 entitled "Utility Assembly and Coupling Mechanism" with named inventors Yaron Brunner, Grant T. Squiers, Christopher S. Hoppe, and Steven W. Hyma, issued on April 9, 2024.  The '167 Patent issued from U.S. Patent Application No. 18/330,972, which was filed on June 7, 2023.  The '167 Patent is a continuation of Application No. 18/051,749, filed on November 1, 2022, now U.S. Patent No. 11,794,952, which is a continuation of Application No. 17/884,230, filed on August 9, 2022, which is a continuation of Application No. 17/064,371, filed on October 6, 2020, now U.S. Patent No. 11.427,382, which is a continuation of Application No. 16/752,441, filed on January 24, 2020, now U.S. Patent No. 11,008,136, which is a continuation of Application No. 16/216,724, filed on December 11, 2018, now U.S. Patent No. 10,583,962, which is a continuation of Application No. 15/826,232, filed on November 29, 2017, now U.S. Patent No. 10,703,534, which is a continuation of Application No. PCT/IL2017/050481, filed on April 30, 2017.  The '167 Patent also claims priority to Provisional Application No. 62/459,076, filed on February 15, 2017, and Provisional Application No. 62/330,334, filed on May 2, 2016.

6

19.    The '167 Patent has sixteen (16) claims.  A true and correct copy of the '167 Patent is attached as Exhibit 3.

20.    Milwaukee Tool and Keter jointly own by assignment the entire right, title, and interest in the '167 Patent.

21.    The '167 Patent is generally directed to a container assembly that allows for two or more containers to be detachably connected to each other.

**KLEIN TOOLS' UNLAWFUL CONDUCT**

22.    On information and belief, Klein Tools manufactures and sells hand tools and accessories to its customers.  Klein Tools also sells modular storage and toolboxes, component boxes, coolers, and accessories used therewith under the name MODbox™.  *See, e.g.,* Ex. 6.  Klein Tools makes and advertises its MODbox™ Mobile Workstation as "a modular System with locking components" and notes that one can "[e]asily interchange products to customize and mobilize with vertical and side locking components."  *Id*. at 1.

23.    Klein Tool's MODbox™ universe of products includes various sized modular storage and toolboxes, component boxes, coolers, and accessories used therewith, which, as set forth below, infringe directly or indirectly, literally or under the doctrine of equivalents, at least one claim of each of the Asserted Patents.

24.    Specifically, on information and belief, at least the following Klein Tool products infringe, directly or indirectly, literally or under the doctrine of equivalents, at least one of the claims of each of the Asserted Patents: (i) 54802MB MODbox™ Rolling Toolbox; (ii) 54803MB MODbox™ Medium Toolbox; (iii) 54804MB MODbox™ Small Toolbox; (iv) 54807MB MODbox™ Short Component Box, Full Width; (v) 54806MB MODbox™ Tall Component Box, Full Width; (vi) 54808MB MODbox™ Tall Component Box, Half Width; (vii) 54809MB MODbox™ Short Component Box, Half Width; (viii) 54812MB MODbox™ Tool Bag, Tote, and

Backpack Component Box; and (ix) 62204MB Modbox™ Cooler, 17qt (collectively, "the Accused Products").

25.     On information and belief, the opportunity for additional discovery will likely result in the identification of additional storage and toolboxes, component boxes, coolers, and/or accessories used therewith that also infringe at least one of the claims of the Asserted Patents.

**COUNT I**
**INFRINGEMENT OF THE '026 PATENT**

26.     The allegations in preceding paragraphs 1-25 are incorporated by reference as if fully set forth herein.

27.     On information and belief, Klein Tools has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claims 1-5 and 7-11 of the '026 Patent by using the Accused Products in an infringing manner in violation of 35 U.S.C. § 271(a).  Representative claim 1 of the '026 Patent is reproduced below:

1. A container assembly comprising:

a first container comprising:

a first coupler extending from a first face of the first container, the first coupler comprising two sidewalls, a back wall, and a rib, the back wall located between the two sidewalls, the two sidewalls and the back wall projecting from a depressed surface of the first face, and the rib extending from the back wall in a first direction;

a lid pivotally attached to the first container; and

a toggle locking latch configured to latch the lid of the first container in a closed position;

a second container comprising:

a second coupler extending from a second face of the second container, the second coupler comprising a tongue offset from the second face, the tongue extends in a second direction opposite the first direction, the tongue of the second container is engageable with the rib of the first container;

a lid pivotally attached to the second container; and

a toggle locking latch configured to latch the lid of the second container in a closed position;

wherein the first and second couplers of the first and second containers engage each other when the first and second containers are slid with respect to each other along a sliding path defined by the rib and the tongue;

a locking latch arresting location defined by one of the first container or the second container; and

a locking latch coupled to the other of the first container or the second container, the locking latch positionable in a locked position engaging the locking latch arresting location thereby limiting sliding displacement of the first container with respect to the second container.

28.     By way of example, on its webpage, Klein Tools makes and advertises the Accused Products as part of its MODbox™ Mobile Workstation. Ex. 6. Klein Tools' webpage states that "[t]he MODbox Mobile Workstation is a modular System with locking components. Easily interchange products to customize and mobilize with vertical and side locking components." *Id.* at 1.

29.     Klein Tools' webpage provides images showing the use of the Accused Products to form the claimed "container assembly." One exemplary image is provided below showing the 54808MB MODBox™ Tall Component Box, Half Width used with other Accused Products to form the claimed "container assembly":



(Ex. 7)

30.　　Exhibits 8-15 for example, provide additional printouts of Klein Tools' webpages demonstrating the use of the Accused Products as the claimed "container assembly."

31.　　Klein Tools has also published videos demonstrating the use of at least some of the Accused Products as the claimed "container assembly." *See, e.g.* Ex. 16. One such video published by Klein Tools demonstrates the use of at least some of the Accused Products as the claimed "container assembly," while noting that "[c]omponents interconnect for a customized modular tool storage system and easily release for quick removal and reconfiguration." Ex. 16.

32.　　A claim chart demonstrating how representative Accused Products infringe independent claim 1 of the '026 Patent is attached hereto as Ex. 17.

33. On information and belief, in violation of 35 U.S.C. § 271(b), Klein Tools also intends and induces its customers, distributors, and/or end users to directly infringe at least one of claims 1-5 and 7-11 of the '026 Patent at least by providing instructions indicating how to use the Accused Products and informing its customers in its advertisements relating to the Accused Products, such as on Klein Tools' own webpage, that "MODbox™ components easily interconnect for a customized mobile workstation." *See, e.g.*, Ex. 7-8.

34. By way of further example, Klein Tools advertises on its webpage a "MODbox™ Buildverse" that directs customers to a page enabling them to construct and purchase a full "MOD Build" container assembly that can include numerous configurations of the Accused Products assembled together. *See, e.g.*, Ex. 18. As illustrated below, and by way of example, the Buildverse can include an assembly combining the 54802MB MODbox™ Rolling Toolbox; the 54806 MODbox™ Tall Component Box, Full Width; the 54807MB MODbox™ Short Component Box, Full Width; and the 54808MB MODbox™ Tall Component Box, Half Width all assembled together as depicted. Ex. 19. Klein Tools' site also provides a "BUY NOW" option to its customers for this configuration (circled red in figure below).



Ex. 19 (annotated)

35.     The "BUY NOW" option provides customers with a list of online retailers from which they can purchase the "MODbox™ MOD Build directly from." *See, e.g.*, Ex. 20.

36.     Klein Tools was aware of its infringement of the '026 Patent by at least as early as May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '026 Patent for Case No. 1:24-cv-04284 (ND Ill.).

37.     On information and belief, despite Klein Tools' knowledge of the '026 Patent at and knowledge that customers will necessarily infringe the '026 Patent when the Accused Products are used as instructed, Klein Tools continues to encourage infringement.

38.     Klein Tools also contributorily infringes, in violation of 35 U.S.C. § 271(c), at least one of claims 1-5 and 7-11 of the '026 Patent. Specifically, Klein Tools contributes to the infringement by its customers, distributors, and/or end users as it has known, at least as of May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '026 Patent for Case No. 1:24-cv-04284 (ND Ill.), that the Accused Products are especially made or especially adapted for use in infringing at least one of the Asserted Claims of the '026 Patent. Additionally, the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

39.     On information and belief, Klein Tools' infringement of the '026 Patent is and continues to be willful.  On information and belief, Klein Tools had knowledge of the '026 Patent at least as of May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '026 Patent for Case No. 1:24-cv-04284 (ND Ill.).  Despite this knowledge, Klein Tools continues to knowingly, willfully, deliberately, maliciously, and in bad faith infringe the '026 Patent, and, in doing so, knew or should have known that its conduct amounted to

infringement.  Thus, Klein Tools' infringing actions have been and continue to be consciously and purposefully wrongful, entitling Plaintiffs to treble damages under 35 U.S.C. § 284.

40.    Klein Tools has committed and continues to commit all of the above acts of infringement without license or authorization.

41.    As a result of Klein Tools' infringement of the '026 Patent, Plaintiffs have suffered damages and will continue to suffer damages under 35 U.S.C. § 284.

42.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT II**
**INFRINGEMENT OF THE '952 PATENT**

43.    The allegations in preceding paragraphs 1-42 are incorporated by reference as if fully set forth herein.

44.    On information and belief, Klein Tools has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claims 1-23 of the '952 Patent by using the Accused Products in an infringing manner in violation of 35 U.S.C. § 271(a). Representative claim 1 of the '952 Patent is reproduced below:

1. A container assembly comprising:

a first container comprising:

a first coupler extending from a top face of the first container, the first coupler comprising two sidewalls, a back wall, and a rib, the back wall located between the two sidewalls, the two sidewalls and the back wall projecting above a depressed surface of the top face, and the rib extending away from the back wall in a first direction;

a first lid pivotally attached to the first container; and

a first toggle locking latch configured to latch the first lid of the first container in a closed position; and

a second container comprising:

a second coupler extending from the second container, the second coupler comprising a tongue extending in a direction parallel to a bottom

face of the second container, the tongue extends in a second direction opposite the first direction, the tongue of the second container is engageable with the rib of the first container such that the tongue engages between the rib and the depressed surface;

a second lid pivotally attached to the second container;

a second toggle locking latch configured to latch the second lid of the second container in a closed position;

a front face;

a first side face;

an opposing second side face;

a first corner bumper coupled to the second container between the front face and the first side face, the first corner bumper defining a first outer surface that faces away from each of the front face and the first side face; and

a second corner bumper coupled to the second container between the front face and the second side face, and the second corner bumper defining a second outer surface that faces away from each of the front face and the second side face;

wherein the first and second couplers of the first and second containers engage each other when the first and second containers are slid with respect to each other along a sliding path defined by the rib and the tongue;

a locking latch arresting location defined by one of the first container or the second container; and

a locking latch coupled to the other of the first container or the second container, the locking latch positionable in a locked position engaging the locking latch arresting location thereby limiting sliding displacement of the first container with respect to the second container.

45.     By way of example, on its webpage, Klein Tools makes and advertises the Accused Products as part of its MODbox™ Mobile Workstation. Ex. 6. Klein Tools' webpage states that "[t]he MODbox Mobile Workstation is a modular System with locking components. Easily interchange products to customize and mobilize with vertical and side locking components." *Id.* at 1.

46.     Klein Tools' webpage provides images showing the use of the Accused Products to form the claimed "container assembly." One exemplary image is provided below showing the

54808MB MODBox™ Tall Component Box, Half Width used with other Accused Products to form the claimed "container assembly":



(Ex. 7)

47.     Exhibits 8-15, for example, provide additional printouts of Klein Tools' webpages demonstrating the use of the Accused Products as the claimed "container assembly."

48.     Klein Tools has also published videos demonstrating the use of at least some of the Accused Products as the claimed "container assembly." *See, e.g.*, Ex. 16. One such video published by Klein Tools demonstrates the use of at least some of the Accused Products as the claimed "container assembly," while noting that "[c]omponents interconnect for a customized modular tool storage system and easily release for quick removal and reconfiguration." Ex. 16.

49.     A claim chart demonstrating how representative Accused Products infringe independent claims 1, 9, and 17 of the '952 Patent is attached hereto as Ex. 21.

50.     On information and belief, in violation of 35 U.S.C. § 271(b), Klein Tools also intends and induces its customers, distributors, and/or end users to directly infringe at least one of claims 1-23 of the '952 Patent at least by providing instructions indicating how to use the Accused Products and informing its customers in its advertisements relating to the Accused Products, such as on Klein Tools' own webpage, that "MODbox™ components easily interconnect for a customized mobile workstation." *See, e.g.*, Ex. 7-8.

51.     By way of further example, Klein Tools advertises on its webpage a "MODbox™ Buildverse" that directs customers to a page enabling them to construct and purchase a full "MOD Build" container assembly that can include numerous configurations of the Accused Products assembled together. *See, e.g.*, 18.  As illustrated below, the Buildverse can include an assembly combining the 54802MB MODbox™ Rolling Toolbox; the 54806 MODbox™ Tall Component Box, Full Width; the 54807MB MODbox™ Short Component Box, Full Width; and the 54808MB MODbox™ Tall Component Box, Half Width all assembled together as depicted. Ex. 19.  Klein Tools' site also provides a "BUY NOW" option to its customers for this configuration (circled red in figure below).



Ex. 19 (annotated)

52.     The "BUY NOW" option provides customers with a list of online retailers from which they can purchase the "MODbox™ MOD Build directly from." *See, e.g.*, Ex. 20.

53.     Klein Tools was aware of its infringement of the '952 Patent by at least as early as May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '952 Patent for Case No. 1:24-cv-04284 (ND Ill.).

54.     On information and belief, despite Klein Tools' knowledge of the '952 Patent and knowledge that customers will necessarily infringe the '952 Patent when the Accused Products are used as instructed, Klein Tools continues to encourage infringement.

55.     Klein Tools also contributorily infringes, in violation of 35 U.S.C. § 271(c), at least one of claims 1-23 of the '952 Patent. Specifically, Klein Tools contributes to the infringement by its customers, distributors, and/or end users as it has known, at least as of May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '952 Patent for Case No. 1:24-cv-04284 (ND Ill.), that the Accused Products are especially made or especially adapted

for use in infringing at least one of the Asserted Claims of the '952 Patent. Additionally, the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

56.     On information and belief, Klein Tools' infringement of the '952 Patent is and continues to be willful. On information and belief, Klein Tools had knowledge of the '952 Patent at least as of May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '952 Patent for Case No. 1:24-cv-04284 (ND Ill.). Despite this knowledge, Klein Tools continues to knowingly, willfully, deliberately, maliciously, and in bad faith infringe the '952 Patent, and, in doing so, knew or should have known that its conduct amounted to infringement. Thus, Klein Tools' infringing actions have been and continue to be consciously and purposefully wrongful, entitling Plaintiffs to treble damages under 35 U.S.C. § 284.

57.     Klein Tools has committed and continues to commit all of the above acts of infringement without license or authorization.

58.     As a result of Klein Tools' infringement of the '952 Patent, Plaintiffs have suffered damages and will continue to suffer damages under 35 U.S.C. § 284.

59.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF THE '167 PATENT

60.     The allegations in preceding paragraphs 1-59 are incorporated by reference as if fully set forth herein.

61.     On information and belief, Klein Tools has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claims 1-9, 11, 13-16 of the

'167 Patent by using the Accused Products in an infringing manner in violation of 35 U.S.C. §

271(a). Representative claim 1 of the '167 Patent is reproduced below:

1. A container assembly comprising:

a first container comprising:

a first lid pivotally attached to the first container;

a first female coupler at a top face of the first lid;

a first front face, a first side face, an second side face opposite the first side face, the first front face, the first side face, and the second side face collectively partially defining a storage compartment;

a first corner extending between the first front face and the first side face, and a second corner extending between the first front face and the second side face;

a first corner bumper extending outward from the first corner; and

a second corner bumper extending outward from the second corner;

wherein the first corner bumper defines an outer surface that extends past and faces away from each of the first front face and the first side face, and wherein the second corner bumper defines an outer surface that extends past and faces away from each of the first front face and the second side face; and

a first locking latch arresting location; and

a second container comprising:

a male coupler extending from a bottom face of the second container, the male coupler configured to slidingly engage with the first female coupler of the first container, wherein the first female coupler and male coupler engage each other when the first and second containers are slid with respect to each other;

a second lid pivotally attached to the second container; and

a locking latch positionable in a locked position engaging the first locking latch arresting location thereby limiting sliding displacement of the first container with respect to the second container;

wherein the first female coupler comprises two sidewalls, a back wall, and a first rib, the back wall located between the two sidewalls, the two sidewalls and the back wall projecting above a depressed surface of the top face of the first lid, and the first rib extending away from the back wall in a first direction towards the first front face of the first container;

wherein the second container comprises a second female coupler at a top face of the second lid, the second female coupler comprising two sidewalls, a back wall, and a second rib, the back wall located between the two sidewalls, the two

sidewalls and the back wall projecting above a depressed surface of the top face of the second lid, and the second rib extending away from the back wall towards a front face of the second container and the first front face of the first container; and

wherein the first container defines a width axis parallel to the first front face of the first container and the second container defines a width axis parallel to the first front face of the first container, wherein the width axis of the second container is approximately one-half the width axis of the first container.

62.    By way of example, on its webpage, Klein Tools makes and advertises the Accused Products as part of its MODbox™ Mobile Workstation. Ex. 6. Klein Tools' webpage states that "[t]he MODbox Mobile Workstation is a modular System with locking components. Easily interchange products to customize and mobilize with vertical and side locking components." *Id.* at 1.

63.    Klein Tools' webpage provides images showing the use of the Accused Products to form the claimed "container assembly." One exemplary image is provided below showing the 54808MB MODBox™ Tall Component Box, Half Width used with other Accused Products, such as the 54806MB MODbox™ Tall Component Box, Full Width, to form the claimed "container assembly":



(Ex. 7)

64.     Exhibits 8-15, for example, provide additional printouts of Klein Tools' webpages demonstrating the use of the Accused Products as the claimed "container assembly."

65.     Klein Tools has also published videos demonstrating the use of at least some of the Accused Products as the claimed "container assembly." *See, e.g.*, Ex. 16. One such video published by Klein Tools demonstrates the use of at least some of the Accused Products as the claimed "container assembly," while noting that "[c]omponents interconnect for a customized modular tool storage system and easily release for quick removal and reconfiguration." Ex. 16.

66.     A claim chart demonstrating how representative Accused Products infringe independent claims 1 and 15 of the '167 Patent is attached hereto as Ex. 22.

67.     On information and belief, in violation of 35 U.S.C. § 271(b), Klein Tools also intends and induces its customers, distributors, and/or end users to directly infringe at least one of claims 1-9, 11, and 13-16 of the '167 Patent at least by providing instructions indicating how to

use the Accused Products and informing its customers in its advertisements relating to the Accused Products, such as on Klein Tools' own webpage, that "MODbox™ components easily interconnect for a customized mobile workstation." *See, e.g.*, Ex. 7-8.

68.     By way of further example, Klein Tools advertises on its webpage a "MODbox™ Buildverse" that directs customers to a page enabling them to construct and purchase a full "MOD Build" container assembly that can include numerous configurations of the Accused Products assembled together. *See, e.g.*, Ex. 18. As illustrated below, the Buildverse can include an assembly combining the 54802MB MODbox™ Rolling Toolbox; the 54806 MODbox™ Tall Component Box, Full Width; the 54807MB MODbox™ Short Component Box, Full Width; and the 54808MB MODbox™ Tall Component Box, Half Width all assembled together as depicted. Ex. 19. Klein Tools' site also provides a "BUY NOW" option to its customers for this configuration (circled red in figure below).



Ex. 19 (annotated)

69.    The "BUY NOW" option provides customers with a list of online retailers from which they can purchase the "MODbox™ MOD Build directly from." *See, e.g.*, Ex. 20.

70.    Klein Tools was aware of its infringement of the '167 Patent by at least as early as May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '167 Patent for Case No. 1:24-cv-04284 (ND Ill.).

71.    On information and belief, despite Klein Tools' knowledge of the '167 Patent and knowledge that customers will necessarily infringe the '167 Patent when the Accused Products are used as instructed, Klein Tools continues to encourage infringement.

72.    Klein Tools also contributorily infringes, in violation of 35 U.S.C. § 271(c), at least one of claims 1-9, 11, 13-16 of the '167 Patent. Specifically, Klein Tools contributes to the infringement by its customers, distributors, and/or end users as it has known, at least as of May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '167 Patent for Case No. 1:24-cv-04284 (ND Ill.), that the Accused Products are especially made or especially adapted for use in infringing at least one of the Asserted Claims of the '167 Patent. Additionally, the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

73.    On information and belief, Klein Tools' infringement of the '167 Patent is and continues to be willful.  On information and belief, Klein Tools had knowledge of the '167 Patent at least as of May 28, 2024 when its registered agent was served with a Complaint for patent infringement of the '167 Patent for Case No. 1:24-cv-04284 (ND Ill.).  Despite this knowledge, Klein Tools continues to knowingly, willfully, deliberately, maliciously, and in bad faith infringe the '167 Patent, and, in doing so, knew or should have known that its conduct amounted to

infringement. Thus, Klein Tools' infringing actions have been and continue to be consciously and purposefully wrongful, entitling Plaintiffs to treble damages under 35 U.S.C. § 284.

74. Klein Tools has committed and continues to commit all of the above acts of infringement without license or authorization.

75. As a result of Klein Tools' infringement of the '167 Patent, Plaintiffs have suffered damages and will continue to suffer damages under 35 U.S.C. § 284.

76. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant Klein Tools, and respectfully request the following relief:

A. A judgment that Klein Tools has been and will continue to infringe each of the Asserted Patents;

B. A judgment that Klein Tools' infringement was willful and trebling any damages found or assessed;

C. A judgment that this is an exceptional case and that Plaintiffs be awarded their attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

D. Costs and expenses in this action; and

E. Such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(c), Plaintiffs demand a jury trial.

Dated: June 13, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jason C. White*
Jason C. White
Scott D. Sherwin
Maria E. Doukas
110 N. Wacker Drive, Suite 2800
Chicago, IL 60601-5094
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
scott.sherwin@morganlewis.com
maria.doukas@morganlewis.com

*Attorneys for Plaintiffs*